# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

KERRY D. YOUNG, )
               Movant, )
)
vs. ) 1:10-cv-818-WTL-MJD
)
UNITED STATES OF AMERICA. )

## Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Kerry D. Young for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

Young entered a plea of guilty to drug and firearm offenses in 1:09-cr-0081-WTL-KPF-1. As part of the guilty plea, which the court accepted on February 19, 2010, Young waived what would otherwise have been his rights to both file an appeal from the disposition in the case and to file a motion pursuant to 28 U.S.C. § 2255. The court accepted the guilty plea after finding that it was validly entered. Young was sentenced to a total of 180 months imprisonment. Nonetheless, Young attempts here to modify his sentence based on his claim that he was denied effective assistance of counsel.

The government argues that Young's § 2255 motion is barred by the waiver of post-conviction relief rights found in his written plea agreement. The plea agreement provided, in relevant part of paragraph 9:

> . . . in the event Young is sentenced to a total term of imprisonment of 180 months, Young then expressly waives his right to appeal the conviction and any sentence imposed. . . . Additionally, Young also expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

Young alleges that his plea waiver was not fully "knowing" because his counsel did not inform him of Sixth Circuit and Second Circuit case law, *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), and *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), which would compel the court to impose concurrent rather than consecutive sentences on the two counts of conviction. Young asks the court to hold this case in abeyance until this issue is addressed in *Abbott v. United States*, 131 S. Ct. 18 (2010).

The court need not hold this case in abeyance. The Supreme Court granted *certiorari* in *Almany* and vacated the judgment of the case on which Young relies. *United States v. Almany,* 131 S.Ct. 637 (Nov. 29, 2010)(No. 09-1497). The Supreme Court decided *Abbott* on November 15, 2010, but not in the manner hoped for by Young. The Court specifically abrogated *United States v. Almany* and held that defendants are subject to mandatory, consecutive sentences pursuant to 18 U.S.C. § 924(c) despite higher minimum sentences for separate counts of conviction. *Abbott*, 131 S.Ct. at 23.

Young's assertion that counsel should have advised him of conflicting law among the circuits as to the imposition of concurrent or consecutive sentences in § 924(c) cases does not render his waiver "unknowing." Moreover, at the time his plea agreement was filed, the Seventh Circuit had expressly rejected the position Young now urges.[1] In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .'" *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (quoting *Strickland v. Washington,* 466 U.S. 668, 694 (1984)). No prejudice has or can be shown under these circumstances.

Even if framed as a claim that falls outside the scope of the plea waiver, *see Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (ineffective assistance claims relating directly to the negotiation of the waiver itself are not barred by plea waiver), Young's claim of ineffective assistance fails on the merits. Whether barred or not, Young's ineffective assistance claim is a nonstarter. Accordingly, Young's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Young has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/18/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] As to Young's reliance on *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), the Seventh Circuit has expressly rejected the Second Circuit's interpretation of § 924(c). *United States v. Mitten*, 592 F.3d 767, 778 (7th Cir. 2010); *United States v. Easter,* 553 F.3d 519 (7th Cir. 2009). As it turns out, the Supreme Court has since upheld the Seventh Circuit's interpretation.